# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT FITZGERALD ROBERTS,

                **Plaintiff,**

       **v.**                                **CASE NO. 18-3286-SAC**

LARRY LONG, et al.,

                **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because the financial information submitted by the plaintiff shows that he lacks the resources to pay an initial partial filing

fee, the Court grants leave to proceed in forma pauperis without that payment. Plaintiff remains obligated to pay the $350.00 filing fee as funds become available.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

Plaintiff is in pretrial detention in the Saline County Jail. His complaint names as defendants a detective employed by the Saline Police Department, an assistant county attorney, and the complaining witness. Plaintiff alleges that these defendants violated his rights,

resulting in his wrongful incarceration. He seeks damages.

Because plaintiff appears to challenge the validity of the pending charges against him, the Court liberally construes his claim to allege malicious prosecution. Plaintiff specifically claims the complaining witness falsified the story of kidnapping, that the investigating detective pursued the charges against him "in a show of intentional bad faith" after the complaining witness admitted to lying about the abduction, and that the assistant county attorney chose "to move forward with charges even after being informed of the police misconduct." (Doc. #5, pp. 2-3.)

A claim of malicious prosecution under § 1983 includes these elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)(internal citations omitted).

"In order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, plaintiff's challenge to his present pretrial detention would, if he is successful, necessarily imply the invalidity of the detention. Plaintiff's claims are not cognizable until he satisfies the condition set forth in *Heck*.

Because plaintiff filed this action under § 1983 while in

pretrial detention, the action may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012)(citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)). If plaintiff is convicted of the charges, *Heck* will require the dismissal of this action, but otherwise, plaintiff's civil claims may proceed, absent any other bar.

### Order to Show Cause

For the reasons set forth, plaintiff shall show cause why this matter should not be stayed pending the resolution of the criminal charges pending against him. The Court advises plaintiff that if the criminal charges result in a decision against him, this matter will be subject to dismissal and that dismissal will count as a qualifying dismissal under 28 U.S.C. § 1915(g)[1].

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to proceed in forma pauperis (Docs. #2 and #6) are granted. The filing fee of $350.00 is subject to collection in installments calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that on or before February 28, 2019, plaintiff shall show cause why this matter should not be stayed for the reasons discussed herein.

IT IS FURTHER ORDERED that plaintiff shall notify the Court of any final decision in the criminal action pending against him.

---

[1] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where the prisoner has on three or more occasions had a civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim for relief unless the prisoner shows that he is in imminent danger of serious physical injury.

**IT IS SO ORDERED.**

DATED:  This 14th day of February, 2019, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge