# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROBERT FIZTGERALD ROBERTS, SR.,**

    **Plaintiff,**

    v.                              CASE NO. 18-3286-SAC

**LARRY ROBERT LONG, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a pretrial detainee held at the Saline County Jail. Plaintiff's claims allege police misconduct in his arrest and during the investigation that led to allegedly fabricated charges against him; he also alleges that the defendant assistant district attorney has been made aware of the alleged misconduct. After screening the complaint, the Court directed plaintiff to show cause why this matter should not be stayed pending the resolution of his state criminal proceedings.

Plaintiff filed a response, a supplement, and an amended response (Docs. 8-10), and on July 29, 2019, he submitted a letter to the Court (Doc. 11). The Court has considered this material, has consulted on-line state court records maintained by the Kansas state courts[1] and, for the reasons that follow, remains convinced that a stay is appropriate in this matter.

### Discussion

Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), a federal court generally must abstain from hearing a case when three elements are

---

[1] *See* www.kansas.gov/countyCourts/search/records.

met: (1) there is an ongoing state judicial proceeding; (2) important state interests are involved; and (3) the state proceedings provide an adequate forum to litigate the federal constitutional issues. *See Buck v. Myers*, 244 F.App'x 193, 197 (10th Cir. 2007)(unpublished)(citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003)).

When these elements are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(citing *Seneca-Cayuga Tribe v. Okla.*, 874 F.2cd 709, 711 (10th Cir. 1989)).

In this case, there are ongoing state court criminal proceedings, and significant state interests are involved, as the State of Kansas has an important interest in the enforcement of its criminal laws. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44). The third condition also is met here, as the Kansas state courts provide plaintiff with a forum to present his claims. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in the state court or by other [available] state procedures.")(quotation omitted); *see also Robb v. Connolly*, 111 U.S. 624, 637 (1984)("state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States….'").

Here, plaintiff seeks monetary damages, relief which he cannot obtain in the state criminal proceedings. However, the Tenth Circuit has held that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). The Tenth Circuit explained in *D.L.* that where the federal claim seeks only damages, "[t]he rationale for *Younger* abstention can be satisfied ... by just staying proceedings on the federal damages claim until the state proceeding is final." *D.L., id*. Accordingly, the Court will enter a stay in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is stayed pending the criminal actions pending against the plaintiff.

IT IS FURTHER ORDERED plaintiff shall provide the Court with a status report at the conclusion of the criminal cases against him or by December 15, 2019, whichever is earlier.

**IT IS SO ORDERED.**

DATED: This 28th day of August, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge