# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


**ROBERT FITZJEARLD ROBERTS, SR.,**

        **Plaintiff,**

    **v.**                            **CASE NO. 18-3286-SAC**

**LARRY ROBERT LONG, et al.,**

        **Defendants.**


## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is in pretrial detention. By an order entered August 28, 2019, the Court stayed this matter pending the resolution of the criminal actions against plaintiff in the District Court of Saline County, Kansas. Plaintiff has filed a motion for reconsideration and two responses to that order.

In his motion to reconsider, plaintiff contends that extraordinary circumstances exist that warrant an exception to abstention under *Younger v. Harris*, 401 U.S. 37, 45 (1971). He argues that the presiding judge in his criminal cases has abused his discretion, that he has been forced to waive his speedy trial rights to secure the effective assistance of counsel, that he has suffered multiple due process violations, that the presiding judge has failed to safeguard his rights, that he has been attacked by other prisoners in the jail where he is held, and that the pending criminal actions have hindered him in several personal matters.

Under D. Kan. Rule 7.3(b), a party seeking reconsideration must identify "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error

or prevent manifest injustice." A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

"[A]s a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F.Supp. 3d 1154, 1169 (D. Colo. 2019)(citation omitted).

The Court finds no reason to modify its order staying this matter. As explained in the order that imposed the stay, it is settled that abstention is appropriate when a State's procedures are available to address the issues raised. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993). While plaintiff complains broadly of actions by the presiding judge, he makes no specific allegations that suggest that extraordinary circumstances exist or that the state courts are unable to adequately address his complaints. Finally, while plaintiff complains of an assault by jail inmates and personal difficulties caused by the criminal actions against him, neither matter entitles him to relief from the stay in this civil rights action.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. 13) is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of January, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge