IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT FITZSGERALD ROBERTS, SR.,**

        **Plaintiff,**

    v.                                     CASE NO. 18-3286-SAC

**LARRY ROBERT LONG, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. By its order dated August 28, 2019, the Court stayed the action under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), due to Plaintiff's ongoing criminal proceedings in the District Court of Saline County. In its order dated July 7, 2020, the Court noted that Plaintiff had entered no-contest pleas in those criminal cases, rendering his claims in this action barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), until or unless his convictions are overturned or his sentence reversed by the state courts on direct appeal or otherwise. See also *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, the Court dismissed this civil rights action. The Court mailed a copy of the order and judgment of dismissal to Plaintiff, but those documents were returned as undeliverable (Doc. 21).

On October 16, 2020, the Court received from Plaintiff a notice of change of address (Doc. 22) and a motion to take judicial notice (Doc. 23.) Upon receiving the change of address, the Court remailed to Plaintiff the order and judgment dismissing this action.

In the motion, Plaintiff informed the Court that he had pled no contest in his state criminal cases to amended charges of aggravated battery, identity theft, and theft, but the remaining charges were dismissed with prejudice. Plaintiff asserted to the Court that he had been "in 'transit'" since his sentencing in July 2020 and had only recently received his legal mail at his current place of incarceration. In addition, Plaintiff asserted that he had twice tested positive for COVID-19. He requested that the Court allow him time to be medically cleared "before he is required to respond to any further orders filed by this Court."

**IT IS THEREFORE ORDERD** that the motion to take judicial notice (Doc. 23) is construed as a notice of non-receipt of mail. The clerk of court is directed to terminate the motion. Petitioner is granted thirty (30) days from the entry of this order to file any motion for reconsideration of the order of dismissal that he wishes the Court to consider.

**IT IS SO ORDERED.**

DATED:  This 27th day of May, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge