```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ROBERT FITZGERALD ROBERTS,**

                    **Plaintiff,**

      v.                                    CASE NO. 18-3286-SAC

**LARRY ROBERT LONG, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The court dismissed this case on July 7, 2020, and it now comes before the court on plaintiff's second motion for reconsideration.

### Background

Plaintiff commenced this action while held in pretrial detention. The complaint names three defendants, Larry Robert Long, the victim of crimes committed by plaintiff; Detective Gregory Michael Jones of the Salina Police Department; and Brock Abbey, an assistant district attorney in Salina, Kansas.

The complaint states that defendant Long called 911 on August 22, 2017, and reported that he had been abducted from a gas station in Salina, forced into the passenger side of his vehicle, and driven to a nearby hotel. He reported that at the hotel, he was forced into a room at gunpoint, beaten, and robbed.

Plaintiff states that Mr. Long fabricated this explanation and in fact arrived voluntarily at the hotel. Plaintiff claims that as a result of Mr. Long's false report, plaintiff faced charges of aggravated kidnapping, aggravated battery, and aggravated robbery.

Next, plaintiff claims that Detective Jones investigated the

911 call and sought a "bad faith search warrant". He stated that during the investigation of the 911 call, investigators found no video footage to corroborate Mr. Long's statement that he either was abducted at the gas station or forced into the hotel. Despite this, Detective Jones prepared an affidavit that included Mr. Long's statements and allegedly failed to include any statement that the victim had been dishonest.

Finally, plaintiff claims that the defendant assistant district attorney proceeded with the charges despite being advised of the allegations of police misconduct.

The district court conducted a *Franks* hearing[1]; plaintiff eventually entered no contest pleas to charges of theft, aggravated battery, and identity theft.

The court stayed this matter pending the outcome of the state criminal proceedings but dismissed the matter upon discovering that plaintiff had been convicted in the state court. The copy of the order mailed to plaintiff in July 2020 was returned as undeliverable and was remailed to him in October 2020 when he submitted a change of address to the clerk of the court.

---

[1] The Kansas Court of Appeals has explained: "A *Franks* hearing is simply an evidentiary hearing on a motion to suppress evidence based on a challenge to the facts included or omitted from a search warrant. There is no particular remedy if the defendant proves the need for a hearing. After the hearing, the trial court still must decide if the facts showed probable cause to issue the warrant. In other words, the trial court had to discern whether there would have been probable cause to issue the search warrant had the magistrate been aware of the omitted information. The information must be both material and deliberately omitted. (Internal citations omitted.). *State v. Hendricks*, 31 Kan. App. 2d 138, 141-42, 61 P.3d 722, 726 (2003)

**Discussion**

Under Local Rule 7.3(a), "Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. R. 7.3(a). Because plaintiff's motion was filed more than 28 days after the entry of the order, the court treats it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Plaintiff's motion does not cite Rule 60 or specify any provision under which he seeks relief. Because his motion does not support relief under any other provision, the court considers it under Rule 60(b)(6), which allows for relief from a final judgment for "any other reason that justifies relief."

"Rule 60(b)(6) has been described by [the Tenth Circuit] as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It provides a remedy reserved for "extraordinary circumstances." *Id.* In *Van Skiver*, the Tenth Circuit held that the pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Id.; Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). Finally, "a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn*, 813 F.3d at 1306.

Plaintiff appears to seek relief on the ground that the court erred in construing his claim as one of malicious prosecution and failed to consider his claim of a Fourth Amendment violation by Detective Jones. After conducting its initial screening of the complaint, the court stated:

> Because plaintiff appears to challenge the validity of the pending charges against him, the Court liberally construes his claim to allege malicious prosecution. Plaintiff specifically claims the complaining witness falsified the story of kidnapping, that the investigating detective pursued the charges against him "in a show of intentional bad faith" after the complaining witness admitted to lying about the abduction, and that the assistant county attorney chose "to move forward with charges even after being

informed of the police misconduct."

*Roberts v. Long*, No. 18-3286-SAC, 2019 WL 625137, at *2 (D. Kan. Feb. 14, 2019).

However, construing plaintiff's claim as arising under the Fourth Amendment does not lead to the conclusion that he is entitled to relief. An intelligent, voluntary guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States,* 394 U.S. 459, 466 (1969), and operates as a waiver of non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973). *See also Menna v. New York*, 423 U.S. 61 (1975)(a guilty plea or no contest plea renders irrelevant constitutional violations that are not logically inconsistent with the valid establishment of factual guilt). As stated by the Kansas Court of Appeals:

> A plea of nolo contendere, when accepted by the court, becomes an implied confession of guilt and, for purposes of the case, equivalent to a plea of guilty; that is, the incidents of the plea, so far as the particular criminal action in which the plea is offered is concerned, are the same as on a plea of guilty. Like a guilty plea, entry of a nolo contendere plea results in the accused waiving all formal defects which are nonjurisdictional.

*Application of Coulter*, 860 P.2d 51, 52 (Kan. App. 1993). *See also State v. Edgar*, 127 P.3d 986, 989 (Kan. 2006)(noting that K.S.A. 22-3602 states that no appeal can be taken after a plea of guilty or nolo contendere and stating that "an accused who enters a voluntary plea of guilty waives any defects or irregularities occurring in any of the prior proceedings.").

Accordingly, the court concludes that plaintiff's motion for reconsideration does not present any ground that entitles him to relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to file motion to reconsider plaintiff's claim under its intended purpose of a Fourth Amendment violation out of time (Doc. 27) is construed as a motion for reconsideration under Rule 60(b) and is denied.

**IT IS SO ORDERED.**

DATED:  This 19th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge